**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clifton PATTERSON, Jr., Defendant-
Appellant.**

**No. 26909.**

United States Court of Appeals,
Ninth Circuit.

Feb. 7, 1972.

Rehearing Denied March 20, 1972.

Roswell Bottum, Jr. (argued), Los Angeles, Cal., for defendant-appellant.

Andrew Willing, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and WRIGHT, Circuit Judges; and BATTIN,* District Judge.

BATTIN, District Judge.

Appellant was convicted of twelve counts of mail fraud under 18 U.S.C. § 1341. Prior to trial, appellant twice moved for severance of his trial from that of other defendants. These motions were denied and appellant was tried with one Aquino, who was charged in other counts of the same indictment with the same offense. At the close of the Government's case in chief, appellant moved the court to declare a mistrial because of misjoinder. This motion was also denied.

The indictment charged that on three separate occasions the mails were used to further a scheme to defraud. It was alleged that in each case mass mailings were made to persons and businesses who repeatedly advertised in the "Yellow-Pages". The evidence introduced by the Government revealed that these mailings were practically identical: Each included a bill, statement or invoice in the form of a data processing card, requiring payment of either $74 or $77 to "Classified Directory". Recipients who paid the bills indicated that they thought they were paying for previously arranged classified advertising and did not know that the bills were from an unrelated source.

One Mortillaro was charged with this offense in Counts One through Seven. He entered a guilty plea before trial. Aquino was charged with this offense in Counts Eight through Fourteen, all pertaining to the period from February 1, 1969, to April 30, 1969, including a mailing on March 12, 1969. Mortillaro was charged with aiding and abetting in each count against Aquino.

Appellant was charged in Counts Fifteen through Twenty-six with conducting a mail fraud contrary to 18 U.S.C. § 1341, from July 1, 1969, to October 1, 1969, including a mailing on September 4, 1969. Mortillaro was also charged with aiding and abetting appellant in each of these counts, as was one Salerno, who also pled guilty before trial.

On its face, the indictment alleged that the scheme used by each of the principals was virtually identical. The same *modus operandi* was alleged to have been used by each defendant, and Mortillaro was alleged to have been a key participant in each scheme and was a defendant in every count of the indictment.

The Government introduced a packet of materials, which appellant admitted was representative of his mailings. Evidence was introduced which established that appellant mailed these materials. Appellant testified that he did business as "Classified Directory of California", but that he had no business office and had only one employee, his codefendant, Salerno.

The evidence against Aquino showed that he followed virtually the same pattern as appellant in his execution of the scheme. Aquino admitted responsibility for the mailing of approximately 7,000 packets.

Additional evidence was introduced to establish a link between Aquino and Patterson:

1. Mortillaro, who began the use of these schemes, and whose assistance was common to the schemes of both Aquino and appellant, testified that he employed Aquino as a sales manager and that beginning June 1969, he had several discussions with appellant regarding the mechanics of the so-called directory business;

2. Aquino testified that after being sales manager for Mortillaro, he took over Mortillaro's business. He also solicited appellant's services as salesman for the directory business and discussed the business with appellant on several occasions;

---

* The Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

3. Appellant testified that he had several discussions with Aquino about the mechanics of the business and that on one occasion while attempting to call Aquino at his place of business, he talked with Mortillaro who answered the phone instead of Aquino. This conversation was about the operation of the directory business; and

4. Mortillaro, Aquino and appellant actually mailed billing cards and related material which were almost identical.

During the course of the trial, the court and trial counsel specifically indicated which evidence applied to which defendant. In addition, the jury was instructed to apply each instruction separately to each defendant and to consider each alleged offense and each defendant separately in analyzing the evidence in the case. There is no evidence to show that these instructions were not followed by the jury in rendering its convictions of both Aquino and appellant.

On appeal, appellant claimed that neither the indictment nor the representations of the Government established joint acts which would permit joinder of the defendants and that there was not sufficient common evidence to justify a joint trial and that the joint trial in fact allowed attempts by the prosecution to show Patterson's lack of good faith by innuendo and guilty associations.

Rule 8(b), Federal Rules of Criminal Procedure, 18 U.S.C., provides:

"Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Rule 14, F.R.Crim.P., 18 U.S.C, provides:

"Relief from prejudicial joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial."

■ Review of the indictment and the evidence introduced reveals that the joinder of appellant and defendant Aquino was proper. This evidence, supporting the schemes alleged in the indictment, revealed that the schemes were basically the same. Moreover, Mortillaro is charged in every count of the indictment, providing a common link between all of the defendants.

Therefore, it cannot be said that there was a joinder of totally unrelated defendants charged with distinct, unrelated crimes. Rather, it appears that appellant and the others were charged with the same basic fraudulent scheme which they jointly and individually executed within a six-month period.

■ It was not error for the trial court to deny the motions of appellant for severance. The burden is upon appellant to make a strong showing of prejudice from the joinder, to justify granting of a Rule 14 motion. Gorin v. United States, 313 F.2d 641 (1st Cir. 1963). The decision to grant a motion for severance under Rule 14 lies in the discretion of the trial court. United States v. Roselli, 432 F.2d 879 (9th Cir. 1970).

Although appellant argues that he suffered prejudice from this joinder, the facts do not substantiate this claim. To clarify matters for the jury, both the court and counsel carefully labeled each piece of evidence with regard to which defendant the evidence pertained. In

addition, because appellant and Aquino mailed their bills at different times, the evidence tended to naturally segregate itself in many circumstances. Finally, the jury was carefully instructed as to the application of the evidence which could only be applied to one of the defendants. With proper guidance from the instructions, a jury is capable of segregating and applying relevant evidence to each of several defendants. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

Affirmed.[1]

1. At the argument of the appeal appellant's counsel moved to augment the record with the Reporter's Transcript and the Exhibits. We find that on February 5, 1971, the three volumes of the Reporter's Transcript were filed and are available. Counsel has done nothing about the Exhibits. They are not needed to dispose of this appeal.