UNITED STATES of America, Appellee,

v.

Raymond L. WHITEHEAD, Appellant.

No. 75–2087.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1976.

Decided July 29, 1976.

Leonard I. Rosenberg, Washington, D. C., for appellant.

Virginia S. Draper, Asst. U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and KUNZIG, Judge *.

KUNZIG, Judge:

Appellant Raymond L. Whitehead appeals his conviction from the United States District Court for the District of Maryland, for a violation of 21 U.S.C. § 841(a)(1), distribution of a "Controlled Dangerous Substance" (cocaine). He urges reversal on the procedural ground that he was improperly joined for trial with one William G. Meredith by the district judge, and that the improper joinder tainted and prejudiced his defense, requiring a new trial. The government asserts that the joinder was proper, and that the district court judge did not abuse his discretion.

Since the alleged criminal acts of Whitehead and Meredith were independent crimes, engaged in separately, without concert of purpose and could not have been joined in the same indictment under Fed.R. Crim.P. 8(b), we find that the district court judge abused his discretion in so joining Whitehead and Meredith for trial. Therefore, appellant's conviction is reversed, and

* United States Court of Claims, sitting by designation.

the case remanded to the district court for a new trial.

On November 12, 1974, appellant Whitehead and one Harold L. Jackson allegedly were involved in a transaction dealing with the sale of one ounce of cocaine to a Federal Drug Enforcement Administration agent. Thirteen days prior, on October 31, the same undercover Federal agent purchased cocaine in a transaction involving the same Harold L. Jackson and William G. Meredith. Whitehead, Jackson and Meredith each reside in the same apartment building; however, no evidence was introduced during the trial that Whitehead and Meredith were associated or acquainted with each other. Nor was evidence introduced indicating that Whitehead was present at, or aided and abetted the October 31 transaction. Similarly, there was no evidence that Meredith was present at, or aided and abetted the November 12 transaction.[1]

On December 3, 1974, the appellant and Jackson were indicted together. On December 18, 1974, Jackson and Meredith were indicted together. The three were slated for a common trial on March 6, 1975; however, Meredith and Jackson were subsequently severed for separate trials for reasons which do not concern us here. On March 6, 1975, Whitehead failed to show for trial, and was therefore severed from Jackson. Thus, with both Meredith and Whitehead severed, Jackson, alone, was tried and convicted on March 6. On March 7, 1975, the government filed a motion to join, for purposes of trial, appellant-defendant

Whitehead and defendant Meredith.[2] *Both* defendants opposed the government's motion. On March 12, 1975, the district court granted the government's motion and the two defendants were joined for trial.

The Meredith-Whitehead trial commenced on June 23, 1975, and on June 24, 1975, a jury found both defendants guilty.

■ Appellant Whitehead now argues that the district judge abused his discretion by incorrectly joining him with Meredith for the June 23 trial, thereby prejudicing his defense and entitling him to a new trial. The government contends joinder was proper, and in any event, there was no abuse of discretion by the district court.

We hold for appellant.

Under appropriate rules of criminal procedure the decision to consolidate defendants for trial rests in the sound discretion of the court. *Turner v. United States,* 222 F.2d 926 (4th Cir. 1955), *cert. denied,* 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955); *United States v. Haygood,* 502 F.2d 166 (7th Cir. 1974), *cert. denied,* 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812 (1975). The court must exercise its discretion within the confines of Rules 13 and 8(b) of the Federal Rules of Criminal Procedure. Rule 13[3] says that joinder of defendants for trial is proper if the defendants could have been joined in a common indictment. Rule 8(b)[4] says that defendants may be joined in a common indictment if they participated in the same act or transaction, or in the same series of acts or transactions.

---

1. Government counsel *never even attempted* to develop a relationship between Whitehead and Meredith and the separate drug transactions, either in cross-examining the defendants or through testimony of government witnesses.

2. Appellant Whitehead's defense involved a *complete denial of any involvement* in any criminal actions with Jackson whereas Meredith's defense actually admitted involvement in an illegal drug sale.

3. Fed.R.Crim.P. 13 reads as follows:
   *Trial Together of Indictments or Informations:* The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is

more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

4. Fed.R.Crim.P. 8(b) reads as follows:
   *Joinder of Defendants:* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Rule 8(b), allowing for the joinder of *defendants* in an indictment must be distinguished from Rule 8(a),[5] which allows the joinder of *offenses* in the same indictment. The order of March 12, 1975, granting the joinder of defendants Whitehead and Meredith reads as follows:

> The motion of the United States for joinder having been read and considered, the charges in each indictment *being of a similar character* and alleged to have arisen from a series of activities and transactions based *on a common plan* of the defendants, and it appearing that the defendants could have been joined in a single indictment, it is . . . ORDERED . . . (emphasis added)

The proper test for joinder of criminal defendants is not the Rule 8(a) test of whether the charges against each are of a "similar character" or whether they arose from a "series of activities and transactions based on a common plan." The correct test is that stated in Rule 8(b): that joinder is permissible if the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions."

We conclude that the district court applied the wrong standard in determining the propriety of joining the two defendants for trial, clearly an abuse of discretion.

The key question in this appeal, therefore, is whether defendant Meredith and appellant Whitehead could have been properly joined in an indictment under Rule 8(b). If so, they were properly joined for trial under Rule 13. The evidence does not show a relationship between Whitehead and Meredith other than the fact that they lived in the same apartment building. The government urges that we should make various "inferences" concerning Whitehead and Meredith's relationship based on the fact that both reside in the same apartment building. We refuse to elevate the government's inferences to the level of proof necessary to support joinder in this case. An inference of a criminal relationship based on the happenstance of residence in a common apartment building carries with it awesome implications.

There is nothing in the evidence to show that Whitehead and Meredith could have been joined in the same indictment. Whitehead allegedly dealt with Jackson, and Jackson with Meredith. The burden is on the government to show that persons to be joined participated in the same act or transactions, or in the same series of acts or transactions. Although there was a "series" of transactions involving a common denominator (Jackson), the government did not meet its burden of proving that there was any connection between appellant's offense and Meredith's offense. Carried to its logical conclusion, the government's theory might well allow us to join in a common indictment and trial two delinquent taxpayers who used the same accountant. Such a result approaches the ridiculous. Clearly, the joinder of Whitehead and Meredith in the instant case was improper.

Numerous cases have found improper joinder based on variations in charges among the defendants. In *Ingram v. United States,* 272 F.2d 567 (4th Cir. 1959), the defendant was charged twice with violations of alcohol taxation laws in separate indictments. In the first indictment, Ingram was joined with persons charged with committing the same violation a block from his residence. In the second indictment, Ingram was joined with persons charged with similar violations occurring on a different date. Both indictments were joined for trial and resulted in convictions. This court reversed, saying at page 570:

> . . . defendants charged with unrelated offenses may not be indicted and tried together, and *it is only where there is a connection among all defendants* that

---

5. Fed.R.Crim.P. 8(a) reads as follows:

   *Joinder of Offenses:* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

the decision of the trial judge on motions for severance or for a new trial is not to be interfered with in the absence of an abuse of discretion. (emphasis added)

*King v. United States,* 355 F.2d 700 (1st Cir. 1966) and *United States v. Bova,* 493 F.2d 33 (5th Cir. 1974), citing *Ingram,* present similar situations. In both cases, it was held that a defendant was improperly joined with a second defendant where the second defendant was also charged in the same indictment with additional crimes committed on different dates, and the first defendant was in no way involved with those additional crimes. *Accord, McElroy v. United States,* 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355 (1896); *Cupo v. United States,* 123 U.S.App.D.C. 324, 359 F.2d 990 (1966); C. Wright, Federal Practice and Procedure, § 144 (1969).

█ We hold that two defendants, who engage separately and without concert of purpose in independent crimes of the same nature, and who therefore may not be consolidated in an indictment under Rule 8(b), cannot be consolidated for trial under Rule 13, despite the fact that said independent crimes each involve a common third party.

Where the only nexus between two defendants joined for trial is their participation in similar offenses, on different dates, with common third defendant, the "same transaction" or "series of transactions" test of Rule 8(b) is not satisfied and joinder is impermissible.

The improper joinder of the defendants under Rule 8(b) and Rule 13 requires our reversal of Whitehead's conviction. Judge Aldrich in *King, supra,* at 703, said of Rule 8: ". . . any joinder which does not fall within it is per se impermissible." As this court stated in *Ingram, supra,* at 570:

The rule against jointly indicting and trying different defendants for unconnected offenses is a long-established procedural safeguard. Its purpose is to prohibit . . . allowing evidence in a case against one defendant to be presented in the case against another charged with a completely disassociated offense, with the danger that the jury might feel

that the evidence against the one supported the charge against the other. It is not a "harmless error" to violate a fundamental procedural rule designed to prevent "mass trials."

Accordingly, the judgment of the district court is reversed and the case remanded for a new trial, not inconsistent with the foregoing.

*REVERSED AND REMANDED.*