**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rodney H. BURRESON, Ronald L. Laraneta, Thomas L. Channell, Defendants-Appellants.**

**Nos. 78–1782, 78–1912 and 78–1774.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1980.

Decided Feb. 9, 1981.

As Modified on Denial of Rehearing
April 1, 1981.

---

Russell J. Frackman, Los Angeles, Cal., argued for Burreson.

Joel Levine, Los Angeles, for Laraneta.

Richard L. Rosenfield, Los Angeles, for Channell.

Dean Allison, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before TRASK and SKOPIL, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

Rodney Burreson, Ronald Laraneta, and Thomas Channell were indicted for various violations of the Investment Company and Investment Advisers Acts of 1940, securities fraud, and mail fraud, 15 U.S.C. §§ 80a–1 et seq. and 80b–1 et seq., 77q, 1341; and for conspiracy, 18 U.S.C. § 371. The Investment Acts make it unlawful for the managers of mutual funds to convert those funds; to engage in self-dealing in financial transactions; or to engage in fraudulent, deceptive, or manipulative practices. 15 U.S.C. §§ 80a–36, 80a–17, 80b–6. All appellants were charged and found guilty on the conspiracy count. Burreson was charged in six substantive counts and was found guilty on three of them. Channell was charged in three substantive counts and was found guilty on all of them. Laraneta was charged in fifteen substantive counts and was also found guilty on all of them. Burreson and Channell were given two year concurrent sentences. Laraneta was given a three year concurrent sentence. Each appellant was fined. Appellants do not contest the sufficiency of the evidence convicting them, but raise many other grounds for their appeals.

We affirm.

## FACTS

Appellant Channell was the President and Chief Executive Officer of California Banker's Trust Company. Appellants Burreson and Laraneta were clients of the Trust Company.

Burreson was the President of Burreson and Co. and Burreson Petro-Gas Co. Both needed financing.

Laraneta was the Chairman of the Board of Charter, an investment adviser, two other investment adviser firms and three mutual funds. Laraneta wanted financing to acquire other investment firms.

The evidence at trial showed three fraudulent transactions. In the first transaction, which took place in July of 1973, Channell arranged for Laraneta's mutual funds to

* Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

invest in Burreson and Co. Burreson used part of that loan to purchase a Certificate of Deposit which provided security for a bank loan to Charter.

The second and third transactions also involved investments by Laraneta's companies. In October of 1973, one of Laraneta's mutual funds invested in Oh Boy! Industries, which returned some of that money to Laraneta in the form of a loan. In July of 1974, another Laraneta fund invested in Burreson Petro-Gas Co., and Burreson lent some of the money to Laraneta.

## CONTENTIONS

Appellants contend that they were improperly joined in the same indictment, and that their motions to sever should have been granted.

Appellants also contend that the Government included three separate conspiracies in one conspiracy count, and that they were therefore prejudiced by evidence concerning transactions in which they were not involved. They assert that the proof at trial established multiple conspiracies, and that the jury should have been given a multiple conspiracy instruction.

There is no merit in these contentions. The evidence at trial showed three interconnected fraudulent transactions. The transactions involved the same group of people, the same group of mutual funds, the same method, and a common participant (Laraneta).

### Joinder

Rule 8(b) of the Federal Rules of Criminal Procedure allows joinder of defendants "if they are alleged to have participated ... in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

In *United States v. Roselli*, 432 F.2d 879 (9th Cir. 1970), *cert. denied*, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971), we held that as long as all defendants participated in the same series of transactions, defendants may be joined even though not all defendants participated in every act. *See also United States v. Ford*, 632 F.2d 1354, 1370 (9th Cir. 1980).

In *United States v. Patterson*, 455 F.2d 264 (9th Cir. 1972), we held that when the transactions are basically the same, and when one person serves as a common link between the transactions, joinder under Rule 8(b) is proper.

■ As in *Patterson*, the appellants here were involved in an "intricate and highly sophisticated" scheme to divert mutual funds. In each transaction, part of the proceeds of the investment was returned to Charter, in the form of a loan. In each transaction, an intermediary was used, and in each there was fraudulent documentation, to cover up the return of at least part of the money to Charter.

We hold that joinder was appropriate.

### Severance

■ Channell and Burreson assert they were prejudiced by testimony on transactions in which they were not involved, and that their motions to sever under Rule 14 of the Federal Rules of Criminal Procedure were improperly denied.

There is no indication here that appellants were prejudiced by being tried together. Each was represented by independent counsel, and the jury was instructed to consider the evidence separately for each defendant. *United States v. Camacho*, 528 F.2d 464 (9th Cir.) *cert. denied*, 425 U.S. 995, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976). In fact, on several charges, the jury found one or more defendants guilty, and another defendant not guilty, on the same charge. *See United States v. Campanale*, 518 F.2d 352, 359 (9th Cir. 1975), *cert. denied*, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1976).

There was no abuse of discretion here. The appellants' motions to sever were properly denied.

### Conspiracy

The evidence showed that Laraneta was a direct participant in each transaction and the

loans were made to and by his mutual funds.

Channell was also involved in each of these transactions. In the first, he arranged for Laraneta to invest in Burreson's company. In the second, as custodian for the mutual funds, he handled the paperwork for the investment. The loan to Laraneta was used to repay the loan Channell had arranged for Charter in the first transaction. In the third, Channell arranged for the return of Charter stock to Laraneta, which was a precondition to Laraneta's investment in Petro-Gas. In addition, Channell had an overall interest in the transactions, because both Burreson and Laraneta were his clients.

Burreson's companies were directly involved in the first and third transactions. Burreson may not have been directly involved in the second transaction, but Laraneta's concern for his earlier investment in Burreson and Co. motivated this transaction.

In any event, it is not necessary for each defendant to participate in all of the overt acts in a single conspiracy. A single conspiracy may exist even though each defendant plays a different role in it. *United States v. Camacho, supra; United States v. Jones*, 425 F.2d 1048, 1051 (9th Cir. 1970), *cert. denied* 402 U.S. 950, 91 S.Ct. 44, 27 L.Ed.2d 51 (1971). Here, each appellant participated significantly in the overall conspiracy. There was substantial evidence to support the government's theory of a single conspiracy. *United States v. Perry*, 550 F.2d 524 (9th Cir.), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 228 (1977). There was no variance.

All appellants contend they were prejudiced because the jury was not given an instruction on separate conspiracies and the jury was therefore precluded from finding that the proof established separate conspiracies. They argue that such an instruction is required by *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

In *Kotteakos*, a single conspiracy was charged where thirty-two defendants were charged with conspiracy to violate the National Housing Act. Each defendant individually participated in a fraudulent loan scheme with Brown, the only defendant who participated in all of the fraudulent transactions. No connection between the defendants was established other than that each obtained his fraudulent loan through Brown. The government conceded that the proof established several conspiracies, and the Supreme Court reversed the appellate court's determination that the failure to give a multiple conspiracy instruction in that situation was not prejudicial.

Unlike defendants in *Kotteakos*, appellants here were connected to each other through their financial transactions, and the transactions themselves were interrelated. Under these facts it was not error for the trial judge to refuse to give a multiple conspiracy instruction. The proof clearly established a single conspiracy. *United States v. King*, 472 F.2d 1 (9th Cir.), *cert. denied*, 414 U.S. 864, 94 S.Ct. 37, 38 L.Ed.2d 84 (1973).

In our view, the instructions were adequate when considered as a whole. Even if it might have been desirable for the court to give an instruction on multiple conspiracies, we do not believe it caused any harm, and does not require reversal. *United States v. Perry, supra*, at 533; *United States v. Lutz*, 621 F.2d 940, 942–943 (9th Cir. 1980).

*Evidentiary Rulings*

Prudence of Investments. Appellants contend that the testimony on the prudence of Laraneta's investments was irrelevant and that they were prejudiced by this testimony. We disagree. The indictment itself put the worth of the investments in issue, and the evidence tended to establish motive for the appellants' participation in the transactions. *United States v. Tierney*, 424 F.2d 643, 647 (9th Cir.), *cert. denied*, 400 U.S. 850, 91 S.Ct. 53, 27 L.Ed.2d 87 (1970).

■ *Expert Witness.* Appellants contend that Alan Gordon, a government expert, was improperly allowed to testify about the benefits of investing in mutual funds; the nature and extent of the fiduciary duty of an investment management company to a fund and its investors; and the nature of restricted security investments by mutual funds. They argue that his testimony went beyond the charges facing appellants and was irrelevant and prejudicial. Appellants also contend that Gordon was improperly permitted to testify, as a fact witness, about the values of the Funds' investments when he assumed his duties as Special Counsel to the Funds during the Securities and Exchange Commission (SEC) investigation.

Before Gordon testified, the district court considered appellants' objections to his testimony. In response to their objections, the court required the government to make an offer of proof and restricted the scope of Gordon's testimony. He also cautioned the jury on the use of expert testimony.

We have examined the testimony and in our opinion permitting Gordon's testimony was within the court's discretion. There was no abuse here. *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

*Prior Testimony.* The United States Attorney read prior sworn testimony of the appellants Burreson and Laraneta before the SEC. This testimony was on the fraudulent transactions and was offered as a "party admission" under Fed.R.Evid. 801(d)(2). Appellants do not challenge the truth of the testimony heard by the jury, but raise three other objections.

■ They first contend that because they were not permitted to introduce the entire testimony, or, alternatively, explanatory portions of it, the decision to admit the portion offered by the government violated the "rule of completeness" of Fed.R.Evid. 106. The record shows that the trial court carefully considered the entire transcript, and added material to the excerpt offered by the government to put it in proper context. The court concluded that the portion appellants wished to submit was irrelevant and was inadmissible hearsay. This decision was not an abuse of the District Court's discretion, and appellants' argument is therefore without merit. *United States v. Phillips,* 577 F.2d 495, 501 (9th Cir.), cert. denied, 439 U.S. 831, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978); *United States v. McCorkle,* 511 F.2d 482, 487 (7th Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 43, 46 L.Ed.2d 43 (1975).

■ Appellants next contend that, under the rule of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the court erred in not editing the testimony to remove all references to appellants and their companies. Burreson argues that his name was mentioned frequently and so were his companies, particularly in Laraneta's testimony about the Funds' investments. *Bruton* does not require that all references to codefendants be eliminated. It only requires the elimination of those that directly implicate a defendant other than the declarant, when that identification is not established by independent evidence. In addition, *Bruton* is of questionable applicability because the declarant, Ronald Laraneta, testified at the trial and was available for cross examination. There was nothing improper in the admission of this testimony as edited. *United States v. Brashier,* 548 F.2d 1315, 1325 (9th Cir. 1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977); *United States v. Brown,* 551 F.2d 639, 647, rev'd on other grounds, 569 F.2d 236 (5th Cir. 1978) (en banc).

■ Appellants next contend that they should have been permitted to introduce more of the prior testimony and that the admitted testimony was improperly edited. They also contend that they were forced to testify in violation of their Fifth Amendment rights to explain away the prejudice resulting from these errors.

There is no merit in these contentions. Each appellant chose to take the stand, and each testified at length, on matters far beyond the scope of the prior testimony. Their testimony, even if partly motivated by a desire to respond to evidence admitted against them, was not "compelled" testimony. *United States v. Hearst*, 563 F.2d 1331, 1339 (9th Cir. 1977), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978).

*Other Evidentiary Rulings.* Appellants raise many other challenges to evidentiary rulings. We have examined each of them and find that none has any merit.

### Prosecutorial Misconduct

■ Appellants allege that the government was guilty of prosecutorial misconduct when the United States Attorney failed to tell the Grand Jury that one of its witnesses had given inconsistent and perjured testimony to the SEC. Appellants argue that this required the District Court to dismiss the indictment. But they did not move to dismiss the indictment before trial. Any motion thereafter made was untimely under Rule 12(b) of the Federal Rules of Criminal Procedure.

Appellant Burreson contends that in three instances, the government deliberately allowed its witnesses to give false testimony. In one of them, the government demonstrated to the District Court a good faith belief in their witness's story, by showing the Judge their pretrial interview notes and later conceding in the closing argument that the testimony was contradictory. In the second and third instances, there was contradictory testimony, but there is no indication that the government intentionally attempted to introduce false testimony or that it acted in bad faith.

■ Appellants argue that the government committed other acts of misconduct. They include distributing underlined exhibits; handsignalling; improper comments; improper questions; missing documents; and errors in the closing argument. They argue that the cumulative effect of these errors requires reversal. Some of the assertions of misconduct were for clerical errors which the government acknowledged and which the jury was instructed to disregard. These alleged errors were minor and innocent. The evidence of guilt was so overwhelming that no appellant challenged the sufficiency of the evidence against him. All appellants received fair trials. The errors, if any, were harmless.

### Jury Instructions

■ Appellant Burreson contends that because the jury requested reinstruction on the elements of knowledge, willfulness, and unlawfulness, they were not properly instructed on them originally, and that he was prejudiced by this error.

The judge carefully defined these terms and repeated them in connection with different counts. Considered as a whole, the instructions on these elements were adequate.

■ Burreson also contends that the jury was improperly required to return a partial verdict. In our view, the request for a partial verdict was procedurally proper, because of the length and complexity of the trial and the length of the jury's deliberations.

■ Finally, Burreson challenges the instructions to the jury on the Investment Company and Advisers Acts. We have reviewed those instructions and we find that they are correct and adequate.

### Counts Four, Eight, and Twelve

Appellants challenge counts four, eight, and twelve of the indictment for failure to include the words "knowingly and willfully". We find no merit in this contention. *See United States v. Anderson*, 532 F.2d 1218 (9th Cir.), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

### Laraneta's Sentence

Appellant Laraneta contends that his three year concurrent sentence on counts

two through nine of the indictment was improper because at the time the offenses were committed, the Investment Company and Investment Advisers Acts carried a two year maximum sentence (15 U.S.C. §§ 80a–48 and 80b–17, as amended in June 1975). This is correct.

We affirm Laraneta's conviction on all counts and the three year sentence on the conspiracy count. We remand to the District Court solely for the court to correct the sentences on counts two through nine and to impose sentences on those counts of not to exceed two years.

The convictions and sentences of appellants Burreson and Channell are affirmed on all counts.