972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonel CHAVARIN-MEDINA, Defendant-Appellant.
 No. 92-50225.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1992.*
Decided Aug. 6, 1992.
 
 Before GOODWIN, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonel Chavarin-Medina appeals his conviction following a jury trial for one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of carrying a firearm in relation to the commission of a narcotics trafficking crime, in violation of 18 U.S.C. § 924(c). Special agents of the Drug Enforcement Administration (DEA) arrested Chavarin-Medina after determining from surveillance that he had approximately 500 grams of pure black-tar heroin in his possession. During a vehicle search incident to the arrest, Special Agent Michael Orton retrieved a loaded semi-automatic pistol.
 
 I. DISCOVERY
 
 3
 In order to establish Agent Orton's reason for searching for the gun, the government planned to have Orton testify at trial that, in the overwhelming majority of his prior investigations, defendants charged with possession with intent to distribute black-tar heroin carried a gun. Hoping to retrieve impeachment evidence, Chavarin-Medina moved to discover all of Orton's reports in those cases. The district court denied the motion on the ground that the agent's opinion was relevant in proving a mere "ancillary or tangential matter." Chavarin-Medina challenges this decision on appeal. Because Orton's reason for searching for the gun was not an element of either the crimes charged or the defenses asserted and was therefore probative of a mere collateral matter, denial of the discovery request was not an abuse of discretion. See United States v. Long, 715 F.2d 1364, 1367 (9th Cir.1983).
 
 II. ADMISSION OF AGENT ORTON'S TESTIMONY
 
 4
 Agent Orton's testimony about the gun search was admitted, over Chavarin-Medina's objection. The district court excluded Chavarin-Medina's proffered rebuttal testimony that only three of six black-tar heroin defendants in cases pending in the Federal Public Defender's Office carried a gun, and further, that each of those cases involved multiple defendants. Chavarin-Medina's subsequent motions to strike Orton's testimony and for a mistrial were denied. This court reviews each of these rulings for abuse of discretion. See United States v. Smith, 790 F.2d 789, 795 (9th Cir.1986); United States v. Solomon, 753 F.2d 1522, 1524 (9th Cir.1985); United States v. Barrett, 703 F.2d 1076, 1086 (9th Cir.1983); United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir.), cert. denied, 454 U.S. 830, 847 (1981). If the district court erred, "[w]e must reverse the defendant's conviction unless it is more probable than not that the prejudice resulting from the error did not materially affect the verdict." United States v. Echarria-Olarte, 904 F.2d 1391, 1398 (9th Cir.1990).
 
 
 5
 Agent Orton stated that most defendants in black-tar heroin cases carry guns. The district court concluded that the government elicited that statement, not to show the statistical likelihood that Chavarin-Medina was carrying a gun in violation of 18 U.S.C. § 924(c), but to establish Agent Orton's belief that the search would prove productive. Because guilt under § 924(c) in no way hinges on the investigating agent's belief, however well-founded, that he will uncover facts probative of that guilt, Orton's belief was of no "consequence to the determination of the action" and was thus irrelevant under Fed.R.Evid. 401 and inadmissable under Fed.R.Evid. 402. The district court thus abused its discretion by admitting Orton's statement. Further, the admission was erroneous because the statement suggested that Chavarin-Medina fit the criminal profile of black-tar heroin distributors.
 
 
 6
 Substantial evidence, independent of Agent Orton's testimony, supported the conviction. Understanding the grave risks involved in drug trafficking, Chavarin-Medina offered to sell Undercover Agent Figlia heroin, he agreed to make the sale for $180,000 and he arranged to make the exchange at a specific place and time. Two days before the exchange date he purchased a handgun. Chavarin-Medina met with Agent Figlia and revealed the contraband to him. In addition, a search of his car led the arresting agents to the newly purchased handgun, which was loaded. In light of this evidence, we find that the error was harmless because it did not even minimally affect the verdict. Furthermore, the district court did not abuse its discretion in denying the motion for a mistrial or in excluding Chavarin-Medina's proffered rebuttal testimony.
 
 III. DUE PROCESS
 
 7
 During his post-arrest interrogation, Chavarin-Medina stated that he had stolen the heroin. At trial, however, Chavarin-Medina testified that a friend named Margarito had supplied him with the heroin after he agreed to sell it to the friend of a man named Tony. He further testified at trial that his decision to sell the heroin was prompted by Tony's repeated encouragement. The purpose of Chavarin-Medina's testimony was to establish a defense of entrapment; Tony was a confidential government informant. On cross-examination, the prosecution attempted to impeach Chavarin-Medina by asking him to explain his failure to inform agents about Tony's behavior during their post-arrest interview and his inconsistent statements about the source of the heroin. The district court overruled Chavarin-Medina's due process objection to these questions. This court reviews the district court's ruling, made on a question of constitutional law, de novo. United States v. Schuler, 813 F.2d 978, 980 (9th Cir.1987).
 
 
 8
 The due process clause of the fourteenth amendment prohibits impeachment on the basis of a defendant's silence following Miranda warnings. Doyle v. Ohio, 426 U.S. 610, 619 (1976). That rule, however, is not absolute. In Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam), the Supreme Court stated that "Doyle does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent." The government argues that it was permitted under Anderson to ask Chavarin-Medina about his silence because of the inconsistency between his interrogation statements and his trial testimony regarding the source of the heroin.
 
 
 9
 Chavarin-Medina does not appeal the district court's findings on remand that his Miranda rights were not violated in the post-arrest interrogation. Once a defendant makes post-arrest statements that "may be arguably inconsistent with the trial story" he has raised a question of credibility. United States v. Ochoa-Sanchez, 676 F.2d 1283, 1286 (9th Cir.) (citations omitted), cert. denied, 459 U.S. 911 (1982). Arguably inconsistent trial testimony by the Chavarin-Medina raised the issue of credibility which opened the door for the prosecutor to explore the circumstances of the defendant's post-arrest statements. See 676 F.2d at 1287. The government, in order to provide all relevant evidence bearing on credibility, " 'may probe all post-arrest statements and the surrounding circumstances under which they were made, including defendant's failure to provide critical details.' " United States v. Maklouta, 790 F.2d 1400, 1404 (9th Cir.1986) (quoting Ochoa-Sanchez, 676 F.2d at 1286) (emphasis added). Chavarin-Medina's due process rights were not violated.
 
 IV. JURY INSTRUCTIONS
 
 10
 The district court gave the following jury instructions on the firearms charge:
 
 
 11
 Count two of the indictment charges the defendant with a violation of Title 18, United States Code, Section 924(c). This section provides in relevant part as follows: "whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he might be prosecuted in a court of the United States, uses or carries a firearm ... [shall be guilty of an offense against the United States].
 
 The district court continued:
 
 12
 In order for the defendant to be found guilty of that charge, the government must prove each of the following elements: first, the defendant committed the crime of possession with intent to distribute heroin as charged in count one of the indictment; second, the defendant knowingly carried a firearm during and in relation to the crime.
 
 
 13
 In defining the phrase "in relation to," the district court stated that "[t]he term 'relation to' ... refers to a causal connection between the narcotics offense and the firearm."
 
 
 14
 Chavarin-Medina disagreed with the district court's definition of the term "in relation to" and proposed alternative instructions. Whether jury instructions are an accurate statement of the law is a question that is reviewed de novo. See United States v. Terry, 911 F.2d 272, 278-79 (9th Cir., 1990).
 
 
 15
 The district court's jury instructions mirrored, almost verbatim, the wording of § 924(c). The words "in relation to" alone conveyed the meaning attributed then by Chavarin-Medina. See United States v. Stewart, 779 F.2d 538, 539-40 (9th Cir.1985) (explaining Congress' purpose in adding the words "in relation to" was to limit convictions under § 924(c) to cases where the firearm facilitated or had some role in carrying out the crime). The district court's definition of "in relation to" may have been less precise than Chavarin-Medina's proposed clarification, but it was not misleading. The district court's instructions provided an adequate statement of the law.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3