26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paula S. HUBBARD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shelah DOUCETTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thelma J. GRADY, Defendant-Appellant.
 Nos. 93-10066, 93-10074 and 93-10078.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1994 in Nos. 93-10066 and 93-10074.
Submitted April 11, 1994* in No. 93-10078.
Decided June 2, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These appeals all arise out of various transactions conducted by the appellants while they were employed by the Sutter Agricultural Stabilization and Conservation Service ("ASCS"). Shelah Doucette and Paula Hubbard were convicted of several counts of embezzlement and improper receipt of money from a Commodity Credit Corporation transaction, in violation of 15 U.S.C. Sec. 714m(b). Doucette also was convicted of making a false statement in violation of 18 U.S.C. Sec. 1001, and of misrepresenting her social security number in violation of 42 U.S.C. Sec. 408(a)(7). Most of the charges in this case arise from schemes in which the appellants caused the issuance of phony or duplicate farm loan and subsidy checks. The checks were cashed or fraudulently negotiated by accomplices of the appellants and the proceeds were divided. Doucette and Hubbard were jointly tried and convicted. Grady pleaded guilty.
 
 
 3
 This appeal presents two separate sets of joinder issues. The first is whether the district court erred in trying the charges related to fraud in the Hubbard indictment with the charges related to fraud in the Doucette indictment. The second concerns whether the district court erred in trying the false statement (count 1) and misuse of a social security number (count 10) counts in the Doucette indictment with the remaining counts.
 
 I. Joinder of the Fraud Counts
 
 4
 The district court allowed joinder of all the counts relating to the appellants' loan and subsidy fraud at ASCS because the transactions were part of the "same series of acts or transactions" within the meaning of Fed.R.Crim.P. 8(b). The appellants contend that neither of them knew the other was involved with the common participant, Bagley, and knew nothing of the other's transactions. Appellants rely on United States v. Satterfield, 548 F.2d 1341 (9th Cir.1977) and United States v. Whitehead, 539 F.2d 1023, 1026 (4th Cir.1976). The government urges that the case is controlled by United States v. Patterson, 455 F.2d 264 (9th Cir.1972), or, in the alternative, that there was evidence indicating that both of the appellants were aware of all of the fraudulent transactions.
 
 
 5
 The appellants clearly were part of the same series of transactions. As in Patterson, the schemes involved were virtually identical and a common participant, Bagley, was in charge of all transactions. Satterfield and Whitehead do not compel a different conclusion. Those cases hold only that the mere existence of a common participant, on its own, is not necessarily dispositive. In this case, the nature of the role of the common participant is important. Bagley was the ringleader in one ongoing series of transactions in which the appellants participated.
 
 
 6
 The appellants argue that even if the counts relating to the loan and subsidy fraud were properly joined under Rule 8(b), the district court abused its discretion in failing to sever the charges pursuant to Fed.R.Crim.P. 14. The appellants have not satisfied their burden of showing "clear prejudice," which is required for a finding of prejudicial joinder under Rule 14. See United States v. Vasquez-Velasco, 15 F.3d 833, 845-46 (9th Cir.1994). The only prejudice alleged by the appellants, danger of guilt by association, is always inherent in joint trials and is not, on its own, grounds for severance. United States v. Baker, 10 F.3d 1374, 1387 (9th Cir.1993). Moreover, any prejudice was tempered by the district court's careful limiting instructions. We have found such instructions to be a "crucial factor" in determining whether joinder has been prejudicial, id., and have routinely upheld the denial of severance motions in cases in which such instructions have been given. United States v. Ford, 632 F.3d 1354, 1373-74 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981). Any doubt that the jury was unduly confused by joinder in this case is eliminated by the jury's decision to acquit each of the appellants on one of the counts with which they were charged. Baker, 10 F.3d at 1387 (" 'the best evidence of the jury's ability to compartmentalize the evidence is its failure to convict all defendants on all counts' ") (quoting United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir.1987), cert. denied, 488 U.S. 974 (1988)).
 
 
 7
 II. Counts One and Ten of the Doucette Indictment
 
 
 8
 The district court did not err in trying counts one and ten of the Doucette indictment with the other counts against Doucette. The charges were related to each other. That Doucette lied to obtain a promotion is evidence of her desperation to be transferred. The false information in the credit application is evidence of Doucette's attempt to hide the proceeds of her illicit activity. Moreover, Doucette has failed to show any prejudice resulting from joinder. She admitted to the offenses charged in counts one and ten, and the evidence against her on the other counts was strong. Doucette's acquittal on one of the fraud charges convinces us that there was no undue "spillover" effect in this case. See Baker, 10 F.3d at 1387.
 
 
 9
 The district court did err, however, in joining counts one and ten of the Doucette indictment with the charges against Hubbard. Although defendants may be joined even if each defendant has not participated in all charged offenses, there must be some "logical relationship" before joinder is permitted under Rule 8(b). E.g., United States v. Sanchez-Lopez, 879 F.2d 541, 550-51 (9th Cir.1989). Doucette's misuse of a social security number and her false statement are entirely unrelated to the fraud charged against Hubbard, and Kelli Bagley, the crucial link supporting joinder of the other offenses, was not involved in counts one and ten.
 
 
 10
 Because we have concluded that there was misjoinder, we must determine whether that error was harmless. United States v. Lane, 474 U.S. 438 (1985). We conclude that it was for the same reasons that joinder of the other offenses was not prejudicial. The evidence against Hubbard was strong, the jury was carefully instructed, and the acquittal of Hubbard on one count indicates that the jury properly performed its function.
 
 III. Other Contentions
 
 11
 Hubbard challenges the admission of evidence that on a prior occasion she invited a farmer to help her engage in a fraudulent transaction similar to that for which she was convicted. The evidence was properly admitted pursuant to Rule 404(b) of the Federal Rules of Evidence because it was relevant to show her knowledge of the way in which the ASCS computers could be manipulated to produce fraudulent checks. Her defense at trial put that question at issue. Moreover, we do not believe that the probative value of this highly relevant evidence was outweighed by a danger of unfair prejudice.
 
 
 12
 Doucette contends that the district court erred in refusing to admit, on hearsay grounds, evidence of out-of-court statements made by Doucette concerning a threat by Bagley and the ineffectiveness of an in-house investigation into fraud at ASCS. Doucette contends on appeal that these statements were not offered for the truth of the matter asserted, but to show her "state of mind" at the time they were made. Doucette does not explain the relevance of her state of mind concerning the in-house investigation. The district court's refusal to admit this testimony, therefore, was not prejudicial error. We conclude that Doucette's out-of-court statement as to the threat by Bagley was hearsay because it was relevant to Bagley's credibility only if offered for its truth.
 
 
 13
 The district court did not err in refusing to admit the exhibits summarizing the testimony of Doucette's expert. Doucette concedes that she was able to present the information summarized in the exhibits through the testimony of her expert. In similar situations, this court repeatedly has held that a district court does not abuse its discretion in refusing to admit visual aids which merely summarize testimony already admitted into evidence. E.g., United States v. Wood, 943 F.2d 1048, 1053 (9th Cir.1991); Pierce v. Ramsey Winch Co., 753 F.2d 416, 431 (9th Cir.1985).
 
 
 14
 In United States v. Grady, No. 93-10078, there is no indication in the record that any error requiring reversal was committed in the district court. Grady's plea of guilty appears to have been voluntary and otherwise valid. Her sentence is lawful.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3