**UNITED STATES of America,**

v.

**Charles Wesley GILMORE and Walter Lefight Church, Defendants.**

**United States of America,**

v.

**Sheri Lynn Howell Nichols, Defendant.**

**Nos. 1:00 CR 00104, 1:03 CR 00014.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Sept. 24, 2003.

Anthony P. Giorno and Rick A. Mountcastle, Assistant United States Attorneys, Abingdon and Roanoke, VA, for United States of America.

Anthony F. Anderson, Roanoke, Virginia, and Stephen J. Kalista, Big Stone Gap, VA, for Defendant Charles Wesley Gilmore.

James C. Turk, Jr., Stone, Harrison & Turk, P.C., Radford, VA, and Beverly M. Davis, Davis, Davis, Davis & Davis, Radford, VA, for Defendant Walter Lefight Church.

Timothy W. McAfee, Norton, VA, for Defendant Sheri Lynn Howell Nichols.

**OPINION AND ORDER**

JONES, District Judge.

The question presented is whether these two criminal cases ought to be consolidated for trial. Because I find that the defendants could have been joined in a single indictment, and because the interests of

justice will be served by a consolidation, I will grant the Motion to Consolidate.

## I

The defendants in Case No. 1:00CR00104, Charles Wesley Gilmore and Walter Lefight Church, are charged with various federal crimes arising out of the murders of Robert Davis, Una Davis, and Robert Hopewell on April 16, 1989, in Pocahontas, Virginia.[1] The original indictment, returned December 13, 2000, charged defendant Church and Samuel Stephen Ealy with the killings. At the request of the defendants and without objection by the government, the cases were severed for trial. Ealy was tried first and convicted and has been sentenced to life imprisonment. Church was thereafter tried but the jury could not reach a unanimous verdict and a mistrial was declared. Before Church's second trial was to begin, the government obtained a Sixth Superceding Indictment adding Gilmore as a defendant and at the defendants' request, I continued their joint trial, which is now set to begin on February 2, 2004.[2] I have previously denied a motion by Gilmore for a separate trial. *See United States v. Gilmore*, No. 1:00CR00104, 2003 WL 21360274, at *5 (W.D.Va. June 11, 2003).

The government's theory of the case is that Gilmore, a drug kingpin, hired Ealy and Church to murder Robert Davis because Gilmore understood that Davis, a member of Gilmore's drug ring, was about to inform on him to federal authorities. According to the government, Ealy and Church killed Davis at his home in the early morning hours of April 16, 1989, and immediately thereafter murdered his wife Una and her fourteen-year-old son Robert because they had witnessed the murder of Davis.

At his first trial, Church testified and denied being involved in the crimes. He claimed to have spent the night of the murders with his girlfriend, Sheri Lynn Howell Nichols, at his home. Nichols testified as a defense witness and corroborated Church's alibi. Following Church's mistrial, Nichols was indicted in this court for perjury. *See* 18 U.S.C.A. § 1623 (West 2000). She has now moved to consolidate her trial on that charge with that of Church and Gilmore. The government and Church have no objection to consolidation, but Gilmore does object. Gilmore has briefed the basis of his objection and the Motion to Consolidate is ripe for decision.[3]

## II

Pursuant to Federal Rule of Criminal Procedure 13, separate criminal cases may be tried together "if all offenses and all defendants could have been joined in a single indictment or information." Fed.

---

**1.** Specifically, the defendants are charged with conspiracy to murder Robert Davis in furtherance of a continuing criminal enterprise (Count One) (21 U.S.C.A. § 848(e)(1)(A) (West 1999)) and with killing Mr. and Mrs. Davis and Robert Hopewell in furtherance of a continuing criminal enterprise (Counts Two, Three and Four). Both defendants are also charged with killing Robert Davis with the intent to prevent him from communicating with federal authorities (Count Five) (18 U.S.C.A. § 1512(a)(1)(C) (West 2000 & Supp. 2003)) and Church is charged with killing Una Davis and Robert Hopewell to prevent their communication with federal authorities

(Counts Six and Seven). The government is seeking the death penalty for Church and Gilmore under Counts One, Two, Three, and Four.

**2.** The government has since obtained a Seventh Superceding Indictment to correct certain errors in the previous indictment.

**3.** I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

R.Crim.P. 13. Under Rule 8, offenses may be joined in a single indictment or information if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). Defendants may be joined if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R.Crim.P. 8(b).

Under Rule 8, " 'transaction' is a flexible term implying a connection of logical relationship rather than immediateness." *United States v. Carmichael,* 685 F.2d 903, 910 (4th Cir.1982). In *Carmichael,* the two defendants were charged together with conspiracy to buy votes in a federal election and with obstruction of justice for separately urging witnesses before a federal grand jury to give false testimony. *Id.* at 905–06. The Fourth Circuit affirmed, holding that it was proper under Rule 8 to jointly try the defendants because the obstruction charges arose out of their efforts to conceal their vote buying conduct. *Id.* at 910. Other courts have specifically held that perjury may be part of the same series of acts or transaction "as the underlying conduct which was misrepresented." *United States v. Curry,* 977 F.2d 1042, 1050 (7th Cir.1992) (holding that defendants charged with conspiracy to grow marijuana could be tried with defendant who attempted to cover up scheme by false testimony before grand jury nearly four years after conspiracy ended) (citing cases).

It is clear that the perjury charge against Nichols was occasioned by her alleged effort to conceal the joint conduct with which Gilmore and Church are charged. The criminal charges thus involve the same series of transactions and consolidation is permitted.[4] While Nichols is charged only with perjury, Rule 8(b) specifically provides that "[a]ll defendants need not be charged in each count" in order to be tried together. Fed.R.Crim.P. 8(b).

Moreover, the public interest supports consolidation because the government has indicated that its proof of Nichols' perjury will largely consist of proof of the conspiracy to murder by Church and Gilmore. If Church did commit the murders at the behest of Gilmore as alleged, then Nichols was untruthful when she claimed that Church was with her. To require substantially the same evidence to be presented twice in lengthy trials is contrary to important public goals. *See Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (holding that joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.") (citation and internal quotes omitted).

Moreover, there will be no unfair prejudice to Gilmore, the only party who objects to consolidation. Nothing in Nichols' defense is antagonistic to that of Gilmore. While noncapital defendants sometimes object to joint trial with defendants charged with capital offenses, *see Buchanan v. Kentucky,* 483 U.S. 402, 417–20, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987) (holding

---

**4.** The case relied upon by Gilmore in his brief in opposition to consolidation, *United States v. Whitehead,* 539 F.2d 1023 (4th Cir.1976), does not control. In *Whitehead,* the two defendants, Whitehead and Meredith, had been joined for trial on separate drugs distribution charges whose only connection was that the offenses were each committed with a third party, Jackson. No conspiracy or other relationship between Whitehead and Meredith had been shown. The court held that the only nexus between the two defendants was that they had committed similar crimes and thus joinder had been improper. *See id.* at 1026. In the present case, Nichols' alleged perjury was directly connected to the joint murder-for-hire scheme.

that death qualification of jury is not of itself grounds for severance of a noncapital defendant), it is Nichols, the noncapital defendant, who has moved for consolidation in this case.

### III

For these reasons, it is **ORDERED** that the Motion to Consolidate by defendant Nichols [Doc. No. 48] is granted and her trial will be consolidated with that of defendants Gilmore and Church, such consolidated trial to begin February 2, 2004.