**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald Lee BENNETT, Defendant—Appellant.**

No. 03–30226.

D.C. No. CR–99–60049–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.[*]

Decided Feb. 26, 2004.

Christopher L. Cardani, aus, USEU–Office of the U.S. Attorney, Eugene, OR, for plaintiff–appellee.

Ronald Lee Bennett, pro se, Sheridan, OR, for defendant–appellant.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM[**]

Ronald Lee Bennett appeals the district court's denial of his motion to dismiss his indictment based on prosecutorial misconduct. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to deny a motion to dismiss an indictment based on prosecutorial misconduct under a de novo or abuse of discretion standard. *See United States v. Woodley*, 9 F.3d 774, 777 (9th Cir.1993) (explaining that courts are divided "as to whether the denial of a motion to dismiss an indictment is reviewed de novo or for an abuse of discretion"). We need not decide which standard applies here because we affirm using either standard.

Bennett argues that the district court should have dismissed the underlying indictment because it was obtained through prosecutorial misconduct which misled the grand jury. Bennett's motion is untimely because he filed it post-trial, and irregularities in grand jury proceedings are considered to be defects in the institution of the prosecution under Rule 12(b). *See* Fed. R.Crim. Pro. 12(b); Notes of Advisory Committee on the Criminal Rules to Rule 12; *United States v. Burreson*, 643 F.2d 1344, 1350 (9th Cir.1981) (concluding that a motion to dismiss an indictment based on prosecutorial misconduct was untimely when not made before trial). Bennett attempts to argue his contention is a jurisdictional challenge. However, his contention is not a true jurisdictional challenge since he argues the merits of whether there was prosecutorial misconduct during the grand jury proceedings.

**AFFIRMED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.