81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo Simon CRUZ, Lorna Laurente Cruz, Angelica Cruz, and
Lorelei Cruz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70764.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1996.
Decided March 20, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners contend that the Board of Immigration Appeals ("BIA") improperly denied their application for asylum. We affirm the BIA's decision.
 
 STANDARD OF REVIEW
 
 3
 The BIA's denial of asylum must be upheld if supported by reasonable, substantial and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). We are to reverse the BIA's decision only if the evidence that the petitioners presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 484; see also Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 WELL-FOUNDED FEAR
 
 4
 Petitioners argue that this case must be remanded, because the BIA failed to refer to the well-founded fear standard for asylum under section 208 of the Immigration and Naturalization Act. See Arteaga v. INS, 836 F.2d 1227, 1230-31 (9th Cir.1988). The petitioners are incorrect. The BIA explicitly referred to the well-founded fear standard under section 208 and held that the petitioners "failed to satisfy the lower burden of proof required for asylum."
 
 SUBSTANTIAL EVIDENCE
 
 5
 The evidence presented by petitioners is not so compelling that it requires finding a reasonable fear of persecution. As the BIA noted, there is a sharp contradiction between the petitioners' stated fears and actual experience. During the time they lived in close proximity to the rebels, petitioners had never experienced any attacks against them; likewise, petitioners suffered no harassment and received no threats after they moved to Manila in 1986. Moreover, although the New People's Army ("NPA") has also supposedly targeted Mr. Cruz's brother and sister, they continue to live in the Philippines free from harm. The complete lack of evidence of persecution supports the U.S. State Department's determination that the Philippine government could provide petitioners with adequate protection against any rebel threat.
 
 
 6
 The facts of this case make it distinguishable from other cases cited by petitioners. The BIA was justified in distinguishing the petitioners' situation from that of the petitioners in Rodriguez v. INS, in which a mother and her child were fleeing guerillas who had killed the woman's father, two brothers, sister-in-law, step-mother, half-brother, and half-sister. 841 F.2d 865, 870 (9th Cir.1987). As the BIA noted, in Rodriguez the fear of future harm was well-founded in light of the family's actual experience; in this case it is merely "speculative." In addition, the fact that the petitioners were able to live in Manila free from harm from the Cagayan rebels makes it distinguishable from cases in which this court has "presume[d] that in a case of persecution by a governmental body such as a national police force, the government has the ability to persecute the applicant throughout the country." Singh v. Ilchert, 63 F.3d 1501, 1511 (9th Cir.1995) (citations omitted). This court has "recognized that where there was a danger of persecution in a single village from guerillas who knew the petitioner, and no showing of such danger elsewhere in the country, the petitioner failed to establish eligibility for asylum." Singh v. Moschorak, 53 F.3d 1031, 1034 (9th Cir.1995) (citations omitted).
 
 
 7
 It should be noted in this context that the Immigration Judge and the BIA did not err by referring to the State Department's determination in their summaries of evidence against a showing of well-founded fear of persecution. The Immigration Judge and the BIA merely listed this determination in describing the history of this case, see A.R. 4; they did not deny asylum on the grounds that the petitioners failed to meet an erroneously-applied burden of refutation. See A.R. 8.
 
 COMPLETENESS OF THE RECORD
 
 8
 The BIA did not err in concluding that the Immigration Judge ("IJ") properly excluded certain documents on the grounds that they were not sufficiently authenticated. See 8 C.F.R. § 287.6; U.S. v. Perlmuter, 693 F.2d 1290, 1292 (9th Cir.1982) ("[t]his circuit requires strict compliance with the authenticity rules" in deportation proceedings). The BIA also did not abuse its discretion in denying the petitioners' motion to supplement the record. As the BIA itself indicated, even if these documents were admissible, their exclusion was not prejudicial to the petitioners. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). The evidence contained in these documents does not contradict the BIA's main finding that the petitioners had lived in the Philippines for a number of years with no action taken against them.
 
 FUENTES
 
 9
 The BIA did not abuse its discretion in upholding the IJ's interpretation of Matter of Fuentes, 19 I & N Dec. 658 (BIA 1988) to this case. As the BIA noted, Fuentes merely stands for the proposition that attacks made in the course of a political struggle do not require a finding of persecution, since such a requirement would forever bar individuals fighting on the other side of the struggle from making a similar claim of persecution.
 
 
 10
 Even if petitioners had been able to show harm resulting from Mr. Cruz's involvement in the militia, documents submitted by the petitioners themselves indicate that this alleged persecution had a direct counterpart in Mr. Cruz's own "combat operation sorties" against the NPA, in which he had been "very effective" in the "capture/surrender of several NPA personalities." Moreover, the IJ made it clear that Fuentes was not the basis for his ruling. What controlled his decision was the fact that Mr. Cruz had never experienced any attacks against him personally and, while Mr. Cruz's brother was supposedly under a similar threat of harm from the rebels, he nonetheless continued to reside in Manila free from harm.
 
 CONCLUSION
 
 11
 For the above reasons, we AFFIRM the decision of the BIA. Because a motion to reopen this case is pending before the BIA, we order that the mandate be withheld for thirty days so that the motion before the BIA may be heard. Either party may apply for an extension of the time for withholding the mandate.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3