87 F.3d 1325
 78 A.F.T.R.2d 96-5296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Arlie THOMAS, Defendant-Appellant.
 No. 95-50293.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1996.
Decided June 21, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Arlie Thomas appeals his conviction for thirteen counts of willfully making and subscribing false tax returns, 26 U.S.C. § 7206, one count of making a false statement, 18 U.S.C. § 1001, and one count of aiding and abetting a false claim against the United States, 18 U.S.C. § 287 and § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Thomas contends the district court erred by admitting the following evidence:
 
 
 4
 1) Joyce Carolee McBeth's testimony that Thomas falsified her tax return;
 
 
 5
 2) Evidence that Thomas was evicted from office spaces and living accommodations for not paying rent in 1988, 1989, and 1991;
 
 
 6
 3) Evidence that two former employees obtained default money judgments from the Labor Board in 1990 for unpaid wages;
 
 
 7
 4) Evidence that Thomas said Pablo Escobar was involved in paying Thomas's payroll taxes;
 
 
 8
 5) Four computer generated certificates of assessments and payments.
 
 DISCUSSION
 A. Joyce Carolee McBeth's Testimony
 
 9
 McBeth testified that Thomas prepared a tax return for her which overstated her income by $30,000. This evidence was relevant to Thomas's defense that he did not know enough about tax laws to willfully falsify returns. Although the evidence was not "inextricably intertwined" with any crime charged against Thomas, see United States v. Vizcarra-Martinez, 57 F.3d 1506, 1512 (9th Cir.1995), the evidence was admissible to prove intent, knowledge and absence of mistake. Fed.R.Evid. 404(b).
 
 B. Eviction Evidence
 
 10
 Thomas was evicted from his office spaces and personal living quarters in 1988, 1989, and 1991 because he did not pay his rent. Like the McBeth testimony, this evidence was not admissible under the "inextricably intertwined" doctrine. It was admissible, however, to prove knowledge and intent under Rule 404(b). The evictions demonstrated that Thomas willfully claimed money he did not have. This evidence was logically connected to the falsified returns. See United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir.1994).
 
 C. Federal Rule of Evidence 403
 
 11
 Although the evidence of Thomas's falsification of McBeth's tax return, and his evictions, was admissible under Federal Rule of Evidence 404(b), Thomas argues the evidence nonetheless should have been excluded because it was unduly prejudicial. He contends the district court failed to conduct the balancing test required by Federal Rule of Evidence 403. We disagree.
 
 
 12
 The record reflects that the district court considered both the prejudice and the probative value of this evidence. Although the district court did not say it was applying a balancing test under Rule 403, it is apparent from the record that it did.
 
 
 13
 If the district court did not err in applying the balancing test, we must affirm its determination that the evidence was admissible. See United States v. Daly, 974 F.2d 1215, 1217 (9th Cir.1992) ("We must affirm if the record, as a whole, indicates that the court properly balanced the evidence."). We review the district court's balancing of the evidence for abuse of discretion. United States v. Kallin, 50 F.3d 689, 693 (9th Cir.1995). We conclude the district court did not abuse its discretion in balancing the probative value of the evidence of Thomas's falsification of McBeth's tax return and his evictions against the danger of unfair prejudice.
 
 D. Labor Board Default Judgments
 
 14
 In 1990, the Labor Board awarded two of Thomas's former employees money default judgments for unpaid wages. This evidence was "inextricably intertwined" with the charged crimes against Thomas. The evidence tended to prove Thomas was not paying his employees, and supported the inference that he was not withholding the payroll taxes he claimed. Because Thomas never turned over his corporate records, the evidence was necessary to present a "comprehensible story" about Thomas's payrolls. See Vizcarra-Martinez, 57 F.3d at 1512 (evidence admissible as "inextricably intertwined" if the evidence is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."). The district court did not err in admitting this evidence.
 
 E. Pablo Escobar
 
 15
 During the course of the IRS investigation, Thomas made several inconsistent statements to explain why his payroll taxes were never paid. One of these statements was that Pablo Escobar was involved with paying the tax. Although this statement was relevant to prove a string of inconsistent excuses given by Thomas for failure to pay withholding taxes, we conclude the unfair prejudice from this evidence linking Thomas to a drug cartel substantially outweighed its probative value. See Fed.R.Evid. at 403. However, this does not end our inquiry.
 
 
 16
 We will reverse a district court's nonconstitutional error admitting evidence only when it is more likely than not that the error affected the verdict. United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991). Here, the evidence of Thomas's guilt was overwhelming. Moreover, the court gave the jury a limiting instruction telling the jury that Thomas was only on trial for the charged crimes. In these circumstances, we conclude the district court's error in admitting the statement about Pablo Escobar more likely than not did not affect the verdict. It was error, but not reversible error.
 
 
 17
 F. Computer Generated Certificates of Assessments
 
 
 18
 Thomas contends the district court erred in admitting four computer generated certificates of assessments and payments, because the certificates were not properly authenticated. We disagree.
 
 
 19
 Computer-generated records may be admissible as public records under Federal Rule of Evidence 803(8). Hughes v. United States, 953 F.2d 531, 539-540 (9th Cir.1992). To lay a proper foundation, the government must make a prima facie showing of authenticity. United States v. Black, 767 F.2d 1334, 1342 (9th Cir.1985). We require "strict compliance with the authenticity rules" when making such a showing. United States v. Perlmuter, 693 F.2d 1290, 1292 (9th Cir.1982).
 
 
 20
 The certificates of assessments were introduced during the testimony of Kay Jones, who had been the custodian at the IRS's Fresno service center for eighteen years. The district court admitted the certificates as self-authenticating domestic public records under seal. Fed.R.Evid. 902(1). The certificates, however, were not signed under seal. Thus, the certificates were not admissible under Federal Rule of Evidence 902(1).
 
 
 21
 However, a witness with knowledge may authenticate evidence by testifying that the "matter is what it is claimed to be." Fed.R.Evid. 901(b)(1). Jones was a witness with knowledge because she understood the service center's record-keeping system. United States v. Arias-Villanueva, 998 F.2d 1491, 1503 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993). Her testimony provided the necessary authentication under Rule 901(b)(1).
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3