SECURITIES and EXCHANGE COMMISSION, Plaintiff,

v.

James E. FRANKLIN, individually and as trustee of Avalon Trust; Dieter Raabe; Samuel Wolanyk; Vector Keel, Ltd., a Turks & Caicos registered company; Initial Public Offering Consultants, Inc., a Nevada corporation; Net Income, a Nevada corporation; Avalon Trust, Defendants.

No. 02cv0084 DMS(RBB).

United States District Court, S.D. California.

Nov. 29, 2004.

Thomas A. Zaccaro, Securities and Exchange, Los Angeles, CA, Glenn A. Harris, Kenneth J. Guido, Jr., Securities and Exchange, Washington, DC, for Plaintiff.

Darren J. Quinn, Law Offices of Darren J. Quinn, San Diego, CA, Walter L. Baumgardner, Musilli Baumgardner and Parnell, St. Clair Shores, MI, James R. Duncan, Law Offices of James R. Duncan, Pasadena, CA, Stephan Jan Meyers, Meyers Law Offices, Encinitas, CA, Irving M. Einhorn, Law Offices of Irving M. Einhorn, Santa Monica, CA, Gregory M. Garrison, Garrison and Mcinnis, San Diego, CA, for Defendant.

## AMENDED ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER SEPTEMBER 24, 2004, ORDER [DOC. NO. 297]

BROOKS, United States Magistrate Judge.

On October 29, 2004, this Court heard oral arguments on Plaintiff's Motion for Reconsideration of the Court's September 24, 2004, Order sustaining Defendants' objections to certain trial exhibits. Kenneth Guido, of the Securities and Exchange Commission ("SEC" or "Commission"), appeared on behalf of the Plaintiff. Darren Quinn, of the Law Offices of Darren J. Quinn, appeared on behalf of Defendant James Franklin. Gregory Garrison, of Garrison and McInnis, appeared on behalf of Defendant Samuel Wolanyk.

At the time of its prior ruling, the Court held that transcripts of the testimony given by George Chachas during investigative hearings before the SEC on February 6–7, 2001, were insufficient to establish that Chachas's business records were admissible in this action under Rules 803(6) and 902(11) of the Federal Rules of Evidence [Doc. No. 294]. Plaintiff SEC filed a Motion for Reconsideration of that Order on

October 13, 2004 [Doc. No. 297]. Defendants Franklin and Wolanyk filed their Opposition on October 22, 2004 [Doc. No. 301].

After considering the Motion, Opposition, and oral arguments, Plaintiff's Motion for Reconsideration is denied for the reasons outlined below.

## I. BACKGROUND

### A. Underlying Facts

This is a securities fraud case charging the Defendants with making materially false or misleading statements on an internet website called Red Hot Stocks. (Compl. at 1–2.) Defendant Franklin and others are alleged to have made unreasonable stock price predictions and failed to adequately disclose that they owned or controlled stock in the companies profiled on the Red Hot website and, in certain instances, that Defendants were, or expected to be, compensated for promoting the companies. (*Id.* at 2.) Additionally, the SEC alleges that Defendants engaged in an undisclosed pattern of acquiring stocks in the companies profiled, with the intent to sell the stocks, while recommending that investors purchase the same stocks. (*Id.*)

The SEC has submitted approximately 600 exhibits it wishes to have admitted into evidence at trial. Defendants have asserted objections to most of these exhibits. United States District Court Judge Dana M. Sabraw referred the admissibility of these exhibits to this Court [Doc. No. 219].

Exhibits 202–04, 206–07, 209–17, 219–20, 222–23, and 226–29 are the subject of this Motion. The exhibits are items that attorney George Chachas retained in his files and are described by the SEC as "legal documents and correspondence with regard to Chachas' firm's legal work...." (Pl.'s Mem. Additional Citations to Chachas Tr. at 2.)

The SEC has maintained that the criteria for admitting these exhibits into evidence under Rule 803(6) of the Federal Rules of Evidence was satisfied by investigative testimony given by third-party witness George Chachas before the SEC. (*Id.*) It asserted that the testimony before the Commission met the requirements of Rule 902(11) and *MRT Construction, Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir.1998) (admitting into evidence as records of regularly conducted activity attorney bills (1) received from the law firm representing defendant, (2) maintained in defendant's files, (3) relied upon as statements of fees owed and (4) in which the defendant had a substantial interest in their accuracy). (*Id.*) The Court considered the interplay of Rules 803(6) and 902(11) to determine whether these exhibits are admissible as business records.

### B. The Court's Prior Analysis

On September 24, 2004, Defendants' hearsay objections to the Chachas exhibits were sustained. The Court concluded that the SEC had not satisfied the business record exception (Rule 803(6)) because it had not laid the proper foundation for the exhibits, and the records were not self-authenticating under Rule 902(11) of the Federal Rules of Evidence.

Rule 902(11) provides that a business record is self-authenticating when "accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority...." Fed. R.Evid. 902(11). The committee note to the rule states: "A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath." Fed.R.Evid. 902(11) advisory committee's note.

Although George Chachas's testimony was necessary to lay the foundation for admitting his records into evidence as business records, the Plaintiff did not provide a declaration from him. Instead, the Commission maintained that the transcripts of Chachas's SEC testimony were comparable certifications. (Mot. Recons. at 3.) No court has held that an unsigned copy of a transcript is "a comparable certification under oath." Chachas did not review or sign the transcripts of his 2001 testimony. There was no showing that he was unavailable for trial or that a signed declaration, complying with Rule 902(11), could not be obtained. The Court concluded that the transcripts of SEC investigative testimony did not satisfy the "written declaration" requirement. Therefore, Defendants' objections to the Chachas documents were sustained, and the exhibits were excluded from evidence.

## II. DISCUSSION

### A. The Admissibility of Business Records

There are two primary ways of admitting business records into evidence. Records of regularly conducted activity may be introduced (1) through the testimony of the custodian of records or other qualified witness or (2) with a certification that complies with Rule 902(11) (domestic records), Rule 902(12) (foreign records), or a statute permitting certification. Fed.R.Evid. 803(6).

The SEC has not indicated that it intends to call attorney Chachas as a witness at trial. Furthermore, he has not been deposed as a witness in this case. If he had, "[R]ule 32(a) [of the Federal Rules of Civil Procedure] permits deposition testimony to be used 'so far as admissible under the rules of evidence applied as

though the witness were then present and testifying.'" *Manley v. Ambase Corp.*, 337 F.3d 237, 247 (2nd Cir.2003) (quoting from Rule 32(a)). Instead of calling attorney Chachas as a witness,[1] the SEC attempts to use his testimony in investigative hearings to admit exhibits as certified domestic records of regularly conducted activity under Rules 803(6) and 902(11) of the Federal Rules of Evidence. (*See* Mot. Recons. at 1–2.)

Domestic business records comprise one of twelve categories of items capable of self-authentication under Rule 902. The documents were chosen for self-authentication because "these items, by their nature, are most likely genuine...." 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 902.02[4], at 902–11 (2d ed.2004). The rationale for the rule is that "judicial resources are more effectively used in deciding the occasional challenge to a document than in requiring extrinsic proof of authenticity in each instance." *Id.* However, in this case, two hearings and the SEC's Motion for Reconsideration belie this point.

### 1. Certification in Compliance with Rule 902(11)

The SEC invokes Rule 902(11) but ignores its terms. The rule provides, in part, as follows:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

. . . . .

**(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity

---

1. The exhibits identify Chachas as an attorney practicing in this district who presumably would be available to testify at trial.

that would be admissible under Rule 803(6) *if accompanied by a written declaration of its custodian or other qualified person,* in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.

Fed.R.Evid. 902(11) (emphasis added).

(a) *Written Declaration*

■ The language of Rule 902(11) clearly requires a written declaration. The punctuation in the provision reinforces this conclusion. The comma appearing after the words "custodian or other qualified person" make the words "in a manner complying with any Act of Congress" a phrase modifying "written declaration," rather than one creating an alternative independent of the written declaration requirement.

■ Courts recognize the importance of punctuation and grammatical structure when interpreting statutes. *See United States v. Ron Pair Enters.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (stating that statute's meaning was mandated by its grammatical structure); *United States v. Novak,* 284 F.3d 986, 989 (9th Cir.2002) (relying on "plain language and grammatical structure" of sentencing guidelines); *Manchester Sch. Dist. v. Crisman,* 306 F.3d 1, 13 (1st Cir.2002) (discussing the use of commas in statute).

In its Motion for Reconsideration, the SEC incorrectly states that Rule 902(11) provides that business records may be au-thenticated by a written declaration " 'or in a manner complying with any Act of Congress....' " (Mot. Recons. at 2 (emphasis added).) However, in the rule, the word "or" does not precede "in a manner complying with any Act of Congress." *See* Fed.R.Evid. 902(11).

The SEC asks the Court to ignore the clear wording which requires that documents be "accompanied by a written declaration." Fed.R.Evid. 902(11). Plaintiff seems to assert that transcripts of investigative testimony satisfy the written declaration requirement. However, the unsigned transcript of Chachas's testimony is not a written declaration.

■ In any event, "[t]his circuit requires strict compliance with the authenticity rules." *United States v. Perlmuter,* 693 F.2d 1290, 1292 (9th Cir.1982). In *Perlmuter,* the court held that the requirements for self-authentication of foreign public documents under Rule 902(3) were not met. *Id.* at 1293. There was no evidence that the person who signed the documents was authorized to make the attestation and no final certification of the genuineness of his signature and official position. *Id.* The likelihood that the foreign public documents were genuine did not excuse compliance with the rules. In this case, the SEC cannot complain that it is held to the same standard of strict compliance.

(b) *Compliance with Act of Congress*

Although the SEC has not provided a supporting "written declaration," it argues that the investigative testimony should satisfy this requirement. (Mot. Recons. at 2–3.) Rule 902(11) provides guidance on what constitutes an adequate declaration. The written declaration must be "in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority...." Fed.

R.Evid. 902(11). The committee note to the rule explains this requirement, stating: "A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath." Fed.R.Evid. 902(11) advisory committee's note.

Section 1746 requires declarations to be (1) a sworn or unsworn statement made under penalty of perjury, (2) in writing, and (3) *signed* by the declarant. 28 U.S.C.A. § 1746 (West 1994). Chachas made his statements to the SEC under penalty of perjury (*see* Mot. Recons. at 3); his oral testimony was subsequently transcribed, but Chachas did not sign the transcripts of his investigative testimony. (*See id.*) An unsigned transcript of oral investigative testimony is not a written declaration satisfying 28 U.S.C. § 1746.

#### (c) *Comparable Certification Under Oath*

The SEC asserts that because it is authorized to take testimony, it can substitute the signed declaration requirement with a "comparable certification." (*See id.*) Plaintiff argues that "[s]worn investigative testimony qualifies as [']any comparable certification under oath['] authorized by an [A]ct of Congress." (*Id.*) It contends that because sections 20(a), 20(c), and 22(b) of the Securities Act of 1933 and sections 21(a)(1), 21(b), and 21(c) of the Securities Exchange Act of 1934 are Acts of Congress, SEC investigative testimony satisfies Rule 902(11). (*Id.* (citing 15 U.S.C. §§ 77t(a), (c), 77v(b), 78u(a)(1), (b), (c)).) Although the SEC has federal statutory authority to take testimony under oath, this statutory authority does not create a certification procedure comparable to obtaining a declaration from a document custodian. *See* 15 U.S.C.A. §§ 77t(a), 78u(b) (West 1997), 78u(a)(1) (West Supp. 2004).

For example, unlike Rule 902(11), these statutes do not prescribe the manner in which written declarations should be prepared or their contents. Section 77t(a) authorizes the SEC to require or permit a written statement under oath from a person suspected of violating the Securities Act of 1933. 15 U.S.C.A. § 77t(a). Likewise, § 78u(a)(1) and (b) simply authorize the SEC to investigate violations of the Act, compel the attendance of witnesses, take evidence, accept written statements from witnesses, subpoena witnesses, and compel production of documents. 15 U.S.C.A. § 78u(a)(1), (b).

Plaintiff contends that investigative testimony transcripts are a "comparable certification under oath authorized by an act of Congress." (Mot. Recons. at 3.) This unsupported contention cannot save these exhibits. The statutes cited by the SEC are a far cry from statutes certifying records as authentic. In a variety of contexts, Congress has adopted statutory provisions for the certification and admissibility of documents. 5 Weinstein & Berger, *Weinstein's Federal Evidence* § 902.06[7][a], at 902–27 (2d ed.2004); *see also,* 28 U.S.C.A. § 1736 (West 1994) (extracts from Journals of the Senate and House of Representatives); 28 U.S.C.A. § 1740 (West 1994) (consular documents); 28 U.S.C.A. § 1744 (West Supp.2004) (copies of Patent Office documents). The SEC fails to identify any act of Congress which certifies testimony given by a third party before the SEC that would make the testimony and corresponding records admissible evidence.

Furthermore, the "comparable certification" language appears in the committee note, not the rule. "Advisory Committee notes are analogous to legislative history which [courts] use to clarify legislative intent. These notes, however, are not binding on the court." *United States v. Hayes,*

983 F.2d 78, 82 (7th Cir.1992) (discussing committee notes to Rule 35 of the Federal Rules of Criminal Procedure). The committee note to Rule 902(11) refers to a certification comparable to a declaration satisfying 28 U.S.C. § 1746. The investigative testimony transcripts do not comply with 28 U.S.C. § 1746, nor do the sections of the Securities Act of 1933 and the Securities Exchange Act of 1934 cited by the Commission qualify as statutes prescribing methods of certification. The SEC, like other litigants, must meet the requirements of self-authentication rules. *See United States v. Perlmuter*, 693 F.2d at 1292. It has not. Therefore, Plaintiff has not authenticated the Chachas documents as business records, and they are not admissible.

### III.  CONCLUSION

The SEC has failed to establish that the unsigned transcripts of Chachas's investigative testimony are sufficient to authenticate exhibits 202–04, 206–07, 209–17, 219–20, 222–23, and 226–29 as certified records of regularly conducted activity under Rules 803(6) and 902(11) of the Federal Rules of Evidence. For the reasons discussed above, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**